| iPETERS, Judge,
dissenting.
I respectfully dissent from the majority opinion. I agree that the interpretation of the 1988 amendment to Louisiana Revised Statutes 17:421.3(D) is dispositive of the issue before the court. The majority and the trial court conclude that the removal of the word “individual” before the word “teacher” in Louisiana Revised Statutes 17:421.3(D) by Act 659 of 1988 reflects a legislative intent to shift the focus from the individual teacher to all teachers as a class. The effect of such an interpretation is to allow the local school boards to reduce an individual teacher’s supplementary salary so long as the total funds dedicated to supplemental salaries are not reduced.
Prior to Act 659 of 1988, Louisiana Revised Statutes 17:421.3(D) read as follows:
D. Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board heretofore used as supplemental salary shall continue to be passed on to the individual teacher. hfemphasis added).
It was amended to read as follows:
D. Notwithstanding any other provision of law to the contrary, the funds of any parish or city school board used for supplemental salary to teachers shall continue to be paid to the teacher and shall not be redirected to any other person.
(emphasis added).
Had the amendment intended to refocus the emphasis as is suggested by the majority, the legislature would have accomplished this purpose by making the word “teacher” plural throughout Subsection D.
The amendments to Louisiana Revised Statutes 17:421.3 were an integral part of a larger intent of Act 659 of 1988. The Act’s principal focus was the creation of the Children First Act as a part of Chapter 39 of Title 17 of the Louisiana Revised Statutes. The Children First Act was intended to im *548 prove the educational system in the state. The Act attempted to accomplish this goal through a teacher evaluation program. The increase in state funded salaries to the teachers found in the amendment to Louisiana Revised Statutes 17:421.3 was intended to impact every teacher evenly. That is to say, each teacher would receive an increase in his or her state salary and would be guaranteed by the Act that the increase would not be reduced by a school board’s manipulation of existing local salary supplements.
Therefore, I find that the plaintiffs do state a cause of action and would reverse the decision of the trial court. Disagreeing with the majority, I respectfully dissent.